UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL J. FLAHERTY, JR., et al.,

                Plaintiffs,                Civil No. 02-CV-0243E(Sr)

vs.

JOEL A. GIAMBRA, Erie County Executive,    DEFENDANTS' STATEMENT
COUNTY LEGISLATURE OF ERIE COUNTY,    OF UNDISPUTED MATERIAL
LEONARD R. LENIHAN, Erie County Personnel  FACTS
Commissioner, and COUNTY OF ERIE,

                Defendants.

---

       Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Rule 56.1(a) of the Local Rules of Civil Procedure for the Western District of New York, defendants submit this statement of undisputed material facts in support of their motion for summary judgment. The only facts material to this motion are not in dispute, and are as follows:

### THE 2002 SALARY FREEZE

    1.     Each plaintiff was allegedly employed by the County of Erie (the "County") as a managerial/confidential employee in the office of the District Attorney prior to November 9, 2001, and after January 1, 2002 (Amended Complaint, ¶ 5).

    2.     Each plaintiff is classified as a managerial/confidential employee (Amended Complaint, ¶ 13).

    3.     Plaintiffs' positions involve either highly confidential or policy-making functions (March 28, 2002, Affidavit of Kristin Klein Wheaton ["Wheaton Aff."], ¶ 4).

4. Because of the confidential and policy-making nature of their duties plaintiffs are prohibited from being parties to a collective bargaining agreement, such as the one between the County and the Civil Service Employees Association, Inc., Local 1000 A.F.S.C.M.E., AFL-CIO, Erie Unit of Local 815, reached in or about July 1999 (the "CBA") (Amended Complaint, ¶ 13; Wheaton Aff., ¶ 4).

5. Plaintiffs were employed by the County as at-will employees and did not have any written contract of employment at any time relevant to this case (June 30, 2005, Affidavit of Paul F. Jones ["Jones Aff."], ¶ 14; Wheaton Aff., ¶ 4).

6. The CBA covered wages and fringe benefits for Erie County's white collar bargaining unit employees for the period January 1, 2000 to December 31, 2003 (Amended Complaint, ¶ 15).

7. On July 15, 1999, the Legislature of Erie County adopted a resolution, referenced as Comm. 14 E-4, approving the CBA and authorizing the County Executive to execute the CBA (the "July 1999 Resolution") (Amended Complaint, ¶ 16).

8. The July 1999 Resolution further stated that the benefit and salary schedule or percentage increase under the CBA be extended to employees of the County not covered by a bargaining unit, including managerial/confidential, part-time, hourly, seasonal and flat salaried employees (Amended Complaint, ¶ 17).

9. The July 1999 Resolution further provided that the County would pay the full cost of the lowest four of five health insurance plans offered to County employees, except that all employees hired on or after January 1, 1993, were required to contribute 10% of the County's obligation toward their health insurance coverage (Amended Complaint, ¶ 18).

10. The County Executive submitted his 2002 proposed budget to the County Legislature (the "Legislature") on November 9, 2001 (Amended Complaint, ¶ 27).

11. Paragraph 62 of the proposed budget rescinded the wage increases and benefits previously provided by the July 1999 Resolution and required all confidential/managerial employees to contribute 10% of the cost of their health insurance coverage, regardless of the date of hire (Amended Complaint, ¶ 28).

12. The County Executive also submitted a budget message to the Legislature on November 9, 2001 (the "Budget Message") (Ex. C to Verified Petition [Jones Aff., Ex. A]).

13. In the Budget Message, the County Executive stated: "my goal is to cut, coordinate and grow – cut the local property tax burden and coordinate government service-delivery functions so that the regional economy can grow." (Id. at 1.)

14. In the Budget Message the County Executive further stated that "Now, during a national economic downturn, and in the face of widespread fiscal distress, it is more important than ever that we in Erie County government stay focused on reducing the size and cost of local government." (Id. at 2.)

15. In the Budget Message the County Executive also stated that:

> As Your Honorable Body reviews my Proposed Budget, you will find that I have taken the following steps regarding personal services. I have:
>
> 1. Cut the scheduled raises and step increments for all management-confidential employees (county-wide) for Fiscal Year 2002, for a savings in excess of $1 million;

      2.   Mandated that all management-confidential employees (county-wide) contribute 10% of their health-care benefit costs;

      3.   Eliminated 255 positions from the 2001 adjusted total operating budget.

(<u>Id.</u> at 4.)

16.    On November 21, 2001, the Legislature adopted a budget for fiscal year 2002, including Paragraph 62 of the County Executive's 2002 proposed budget (Amended Complaint, ¶ 31).

17.    Plaintiffs allege that they "are similarly situated to: (a) all other non-bargaining unit County employees, including part-time, seasonal and flat-salaried employees; (b) all bargaining unit employees who are in the same salary grade and who perform comparable work and/or have a comparable level of responsibility; and (c) all attorneys employed by the County who are members of a bargaining unit." (Petitioner's June 2, 2003, Response to Respondents' First Set of Interrogatories, Response No. 13.)

18.    Plaintiffs allege that "the County Executive . . . chose to exempt managerial/confidential employees of the Buffalo and Erie County Public Library and certain other managerial/confidential employees from the salary and/or benefit aspects of Paragraph 62." (Amended Complaint, ¶ 35.)

19.    Plaintiffs further allege that Paragraph 62 "did not rescind wage increases, step increases or longevity pay for . . . part-time, hourly, seasonal and flat salaried employees" (Amended Complaint, ¶ 38).

20.    Plaintiffs also allege that "all of the County's union white collar employees, including those who fall within the same salary grades as Plaintiffs, received wage

increases, step increments and longevity pay in 2002 . . . consistent with the Agreement between the County" and their union (Amended Complaint, ¶ 40).

21.  On August 19, 2003, in response to plaintiffs' June 13, 2005, motion for leave to serve an amended complaint and to compel discovery, this Court rendered a Memorandum and Order (Docket Entry No. 34, Order).

22.  In the Memorandum and Order, this Court ruled that:

> Discovery shall be permitted concerning <u>any</u> confidential/managerial employee employed by the County – including Library employees.  The scope of discovery shall exclude, however, all other employees – including union employees and part-time, hourly, seasonal and flat-salaried employees.

<u>Id.</u> at 3 (emphasis in original).

23.  The County does not exercise any control over the hiring or firing of, or the compensation of, employees of the Buffalo and Erie County Public Library ("the Library") (June 29, 2005, Affidavit of Joseph Passafiume ["Passafiume Aff."], ¶ 14).

24.  When the County requested the Library to comply with Paragraph 62, the Library refused to comply, stating that the Library Board of Trustees have the exclusive power to appoint personnel and fix their salaries (<u>id.</u> ¶¶ 15-16).

25.  As a result of the salary freeze for all managerial/confidential employees and mandated health insurance contribution, the County projected budget savings of $1,005,969.00 (<u>id.</u>, ¶ 10).

-6-

Dated:  Buffalo, New York
        June 30, 2005

                               **PHILLIPS LYTLE LLP**

                               By _____/s/Paul F. Jones_____
                                             Paul F. Jones
                                             Kiseok Moon
                 Suite 3400, One HSBC Center
                 Buffalo, New York   14203-2887
                 Telephone:  (716) 847-8400

                 FREDERICK A. WOLF
                 Erie County Attorney
                 (Kristin Klein Wheaton, Assistant County Attorney)
                 69 Delaware Avenue, Suite 300
                 Buffalo, New York 14202
                 Telephone:  (716) 858-2200

                 **Attorneys for Defendants**

TO:   Michael J. Willett
      DAMON & MOREY LLP
      Attorneys for Plaintiffs
      1000 Cathedral Place
      298 Main Street
      Buffalo, New York  14202-4096

BFLO Doc # 1480233.3

-6-